**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MONIQUE BARBARA VOGEL, | ) | NO. ED CV 15-166-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | **AND ORDER OF REMAND** |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on January 27, 2015, seeking review of the Commissioner's denial of disability benefits. The parties filed a consent to proceed before a United States Magistrate Judge on March 21, 2015. Plaintiff filed a motion for summary judgment on

July 29, 2015.  Defendant filed a motion for summary judgment on August 28, 2015.  The Court has taken the motions under submission without oral argument.  See L.R. 7-15; "Order," filed January 28, 2015.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former waitress, asserts disability since June 6, 2011, based primarily on neck pain (Administrative Record ("A.R.") 11-30, 66, 146-50).  Plaintiff testified to neck pain of disabling severity (A.R. 11-30).  The ALJ found Plaintiff suffers from severe medically determinable impairments that could reasonably be expected to cause pain (A.R. 68-70).  However, the ALJ deemed Plaintiff's testimony regarding the severity of her pain "less than fully credible," citing "the objective medical evidence" and the allegedly "conservative" nature of Plaintiff's medical treatment (A.R. 70-72).  The ALJ found Plaintiff can still perform her past relevant work (A.R. 72-74).  The Appeals Council denied review (A.R. 1-3).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards.  See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

**DISCUSSION**

Where, as here, an ALJ finds that a claimant's medically determinable impairments reasonably could be expected to cause the symptoms alleged, the ALJ may not discount the claimant's testimony regarding the severity of the symptoms without making "specific, cogent" findings, supported in the record, to justify discounting such testimony. See Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010); Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must state "specific, clear and convincing" reasons to reject a

///

claimant's testimony where there is no evidence of malingering).[1] Generalized, conclusory findings do not suffice. See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (the ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony") (internal citations and quotations omitted); Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony"); Smolen v. Chater, 80 F.3d at 1284 ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."); see also Social Security Ruling 96-7p.

In the present case, the ALJ's stated reasons for discounting the credibility of Plaintiff's testimony are not entirely clear (A.R. 70-71). In fact, the parties disagree over whether the ALJ stated two reasons (as Plaintiff apparently argues) or three reasons (as Defendant apparently argues). Both parties appear to agree that the

---

[1] In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Burrell v. Colvin, 775 F.3d 1133, 1136-37 (9th Cir. 2014); Treichler v. Commissioner, 775 F.3d 1090, 1102 (9th Cir. 2014); Ghanim v. Colvin, 763 F.3d 1154, 1163 n.9 (9th Cir. 2014); Garrison v. Colvin, 759 F.3d 995, 1014-15 & n.18 (9th Cir. 2014); Chaudhry v. Astrue, 688 F.3d 661, 670, 672 n.10 (9th Cir. 2012); Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012); see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases). In the present case, the ALJ's findings are insufficient under either standard, so the distinction between the two standards (if any) is academic.

ALJ stated as reasons for discounting Plaintiff's credibility: (1) "the objective medical evidence"; and (2) the allegedly "conservative" nature of Plaintiff's medical treatment. Defendant argues that the ALJ also stated a third reason: Plaintiff's alleged "testimony that injections successfully addressed her pain" (Defendant's Motion at 6). As discussed below, these reasons do not adequately support the ALJ's credibility determination.

An alleged lack of "objective medical evidence" to support the asserted severity of a claimant's symptomatology "can be a factor" in rejecting a claimant's credibility, but cannot "form the sole basis." See Burch v. Barnhart, 400 F.3d 676, 681 (2005). Thus, the first stated reason cannot stand on its own.[2]

As to the second stated reason, a conservative course of treatment sometimes properly may discredit a claimant's allegations of disabling symptoms. See, e.g., Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008) (treatment with over-the-counter pain medication is "conservative treatment" sufficient to discredit a claimant's testimony regarding allegedly disabling pain). In the present case, however, it is uncertain whether Plaintiff's treatment has been truly conservative in nature. For her neck pain, Plaintiff has received repeated injections,

---

[2] Moreover, an ALJ cannot properly state that a claimant's testimony is inconsistent with the objective medical evidence without "specifically" identifying the alleged inconsistences. Brown-Hunter v. Colvin, 2015 WL 4620123, at *6 (9th Cir. Aug. 4, 2015). The requisite specification appears to be absent from the ALJ's decision in the present case.

prescriptions for narcotic pain medication, including Vicodin, and also (reportedly) doctors' recommendations that she undergo surgery (A.R. 15-16, 222, 240, 769).[3]  Characterization of such treatment as "conservative" may well be inaccurate. See, e.g., Lapierre-Gutt v. Astrue, 382 Fed. App'x 662, 664 (9th Cir. 2010) (treatment including narcotic pain medication and cervical fusion surgery deemed not conservative); Aguilar v. Colvin, 2014 WL 3557308, at *8 (C.D. Cal. July 18, 2014) ("there is evidence in the record that Plaintiff has been prescribed narcotic pain medications, such as Vicodin. . . .  It would be difficult to fault Plaintiff for overly conservative treatment when he has been prescribed strong narcotic pain medications"); Brunkalla-Saspa v. Colvin, 2014 WL 1095958, at *1 (C.D. Cal. March 18, 2014) ("[T]he ALJ found that Plaintiff had been conservatively treated with Vicodin. . . .  But Vicodin qualifies as strong medication to alleviate pain") (citations and quotations omitted); Sanchez v. Colvin, 2013 WL 1319667, at *4 (C.D. Cal. March 29, 2013) ("Surgery is not conservative treatment"); Harrison v. Astrue, 2012 WL 527419, at *7 (D. Or. Feb. 16, 2012) (nerve blocks and multiple steroid injections "certainly not conservative"); but see Bartlett v. Colvin, 2015 WL 2412457, at *12 (D. Or. May 21, 2015) (characterizing the prescription of Vicodin as "conservative treatment").

///
///

---

[3] Plaintiff testified she had not received surgery only because of repeated insurance non-approvals (A.R. 15). The consultative orthopedist agreed Plaintiff is a "classic candidate" for cervical fusion surgery (A.R. 843).

6

The ALJ did not suggest that there exists any effective treatment for Plaintiff's neck pain more aggressive than injections, narcotic pain medication and surgery.  "A claimant cannot be discredited for failing to pursue non-conservative treatment options where none exist."  Devee v. Colvin, 2014 WL 4220909, at *11 (D. Or. Aug. 25, 2014); see Matamoros v. Colvin, 2014 WL 1682062, at *4 (C.D. Cal. April 28, 2014) ("The ALJ cannot fault [the claimant] for failing to pursue non-conservative treatment options if none exist.") (citation omitted); Condon v. Astrue, 780 F. Supp. 2d 831, 837 (N.D. Iowa 2011) (reasoning that the absence from a lengthy medical record of any recommendation for "more aggressive treatment would seem to suggest no more aggressive treatment options exist").  Moreover, the ALJ would not be qualified to determine on his own that Plaintiff had any available "non-conservative" treatment options.  An ALJ may not rely on his or her own lay opinion regarding medical matters.  See Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975) (an ALJ who is not qualified as a medical expert cannot make "his own exploration and assessment as to [the] claimant's physical condition"); see also Rohan v. Chater, 98 F.3d 966, 970-71 (7th Cir. 1996) (ALJ may not rely on his or her own lay opinion regarding medical matters); Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1995) (same); cf. Rudder v. Colvin, 2014 WL 3773565, at *12 (N.D. Ill. July 30, 2014) ("The ALJ may be correct that disabling limitations from multiple sclerosis would result in more frequent treatment or need for medication.  However, the ALJ must include evidence to support such a conclusion in his opinion because he is not qualified, on his own, to make such determinations.") (citations and quotations omitted).  In short, the evidence does not support the ALJ's apparent inference that the lack

7

of some unspecified, more aggressive medical treatment suggests that Plaintiff's symptoms and limitations are not as severe as Plaintiff claims. See id.; see also Townson v. Astrue, 2010 WL 2077187, at *15 (D. Kan. May 25, 2010) ("[O]n this record, it is speculative for the ALJ to assume that if claimant were as disabled as he claims, his doctors would have ordered more aggressive treatment. . . . This comment assumes that plaintiff's doctors disbelieved plaintiff's pain complaints, when the record does not show that they did.") (citations and quotations omitted).[4]

As to the disputed third stated reason for the ALJ's credibility determination, the ALJ appears to have referenced Plaintiff's testimony regarding the effects of injections only in relation to discussing the opinions of Plaintiff's treating physician (A.R. 70). Defendant argues that the ALJ may fulfill the requirement of stating reasons for rejecting a claimant's credibility by stating reasons for rejecting the opinions of the claimant's treating physician, at least where the claimant's testimony and the treating physician's opinions are "similar" (Defendant's Motion at 7). The cases Defendant cites for this proposition, Molina v. Astrue, 674 F.3d 1104 (9th Cir. 2012) and Lewis v. Apfel, 236 F.3d 503 (9th Cir. 2001), relate to the requirement of stating "reasons germane" for discounting the observations of lay witnesses. Social security case law has not extended the holdings of these cases in the manner for which Defendant

---

[4] Plaintiff's treating physician, Dr. Neil Halbridge, restricted Plaintiff to lifting no more than three pounds, and thus evidently did believe Plaintiff's pain complaints. See, e.g., A.R. 914.

argues.

In any event, the disputed third reason would not adequately support the ALJ's credibility determination. Contrary to Defendant's argument, Plaintiff did not testify that "injections successfully addressed her pain." Plaintiff testified that even when she received the injections she still had neck pain, and that such pain continued to be so severe as to preclude her from working as a waitress (A.R. 17).[5]

Because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); see Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) ("Connett") (remand is an option where the ALJ fails to state sufficient reasons for rejecting a claimant's excess symptom testimony); but see Orn v. Astrue, 495 F.3d 625, 640 (9th Cir. 2007) (citing Connett for the proposition that "[w]hen an ALJ's reasons for rejecting the claimant's testimony are legally insufficient and it is clear from the record that the ALJ would be required to determine the claimant disabled if he had credited the claimant's testimony, we remand for a calculation of benefits") (quotations omitted); see also Brown-Hunter v. Colvin, 2015 WL 4620123, at *7-8 (discussing the requirements for the "extreme remedy" of crediting testimony as true and remanding for an immediate

---

[5] Thus, Plaintiff's testimony differed materially from the ALJ's and Defendant's characterizations of Plaintiff's testimony. Compare A.R. 17 with A.R. 70 and Defendant's Motion at 6.

1  award of benefits); Ghanim v. Colvin, 763 F.3d 1154, 1166 (9th Cir.
2  2014) (remanding for further proceedings where the ALJ failed to state
3  sufficient reasons for deeming a claimant's testimony not credible);
4  Garrison v. Colvin, 759 F.3d 995, 1021 (9th Cir. 2014) (court may
5  "remand for further proceedings, even though all conditions of the
6  credit-as-true rule are satisfied, [when] an evaluation of the record
7  as a whole creates serious doubt that a claimant is, in fact,
8  disabled"); Vasquez v. Astrue, 572 F.3d 586, 600-01 (9th Cir. 2009) (a
9  court need not "credit as true" improperly rejected claimant testimony
10 where there are outstanding issues that must be resolved before a
11 proper disability determination can be made); see generally INS v.
12 Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative
13 determination, the proper course is to remand for additional agency
14 investigation or explanation, except in rare circumstances); Treichler
15 v. Commissioner, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) (remand for
16 further administrative proceedings is the proper remedy "in all but
17 the rarest cases").
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

For all of the foregoing reasons,[6] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 11, 2015.

/S/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[6] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that [Plaintiff] is in fact disabled." See Garrison v. Colvin, 759 F.3d at 1021.